O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RAMY Y. EL-BATRAWI, et al.,<br><br>　　　　Defendants. | Civil Action No. CV06-2247 (CAS)(VBKx) |

## FINAL JUDGMENT AS TO DEFENDANT DOUGLAS JACOBSON

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Douglas Jacobson ("Jacobson") having entered a general appearance; consented to the Court's jurisdiction over Jacobson and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived

findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Jacobson and Jacobson's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a)(3) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)(3)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in the offer or sale of any security: to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Jacobson and Jacobson's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(b)(5)] by knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

## III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Jacobson and Jacobson's agents, servants, employees, attorneys, and all

persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] thereunder by knowingly providing substantial assistance to an issuer that files materially false or misleading statements with the Commission in information or documents required to be filed with the Commission pursuant to Section 12 of the Exchange Act.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Jacobson and Jacobson's agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer in making or keeping books, records, and accounts that are materially false.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Jacobson shall pay a civil penalty in the amount of $6,500 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 77t(d) and 78u(d)(3)]. Jacobson shall make this payment within ten (10) business days or after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying "Douglas Jacobson" as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment. Defendant shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961. The Commission shall remit the funds paid pursuant to this paragraph to the United States Treasury.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of Defendant Douglas Jacobson, dated February 12, 2010, is incorporated herein with the same force and effect as if fully set forth herein, and that Jacobson shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 1, 2010

_Christina A. Snyder_
Honorable Christina A. Snyder
UNITED STATES DISTRICT JUDGE