O

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                   Plaintiff,<br>    vs.<br>RAMY Y. EL-BATRAWI, et al.,<br><br>                   Defendants. | C.A. No. 06-2247 (CAS) (VBKx) |

**FINAL JUDGMENT AS TO DEFENDANT RAMY Y. EL-BATRAWI**

The Securities and Exchange Commission ("Commission") having filed a Complaint and Defendant Ramy Y. El-Batrawi ("El-Batrawi") having entered a general appearance; consented to the Court's jurisdiction over El-Batrawi and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction);

waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that El-Batrawi and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that El-Batrawi and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that El-Batrawi and his agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 13(b)(5) of the Exchange Act [15 U.S.C. § 78m(b)(5)], by knowingly circumventing or knowingly failing to implement a system of internal accounting controls or knowingly falsifying any book, record, or account described in Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)].

### IV.

1  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
2  that El-Batrawi and his agents, servants, employees, and all persons in active
3  concert or participation with them who receive actual notice of this Final Judgment
4  by personal service or otherwise are permanently restrained and enjoined from
5  violating, directly or indirectly, Exchange Act Rule 13b2-1 [17 C.F.R. § 240.13b2-
6  1], by falsifying or causing to be falsified any book, record, or account subject to
7  section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

8  V.

9  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
10 that El-Batrawi and his agents, servants, employees, and all persons in active
11 concert or participation with them who receive actual notice of this Final Judgment
12 by personal service or otherwise are permanently restrained and enjoined from
13 violating, directly or indirectly, or aiding and abetting violations of Exchange Act
14 Rule 13b2-2 [17 C.F.R. § 240.13b2-2] by, while in the position of a director or
15 officer of an issuer, directly or indirectly making or causing to be made a
16 materially false or misleading statement or a material omission to an accountant in
17 connection with (1) any audit, review or examination of the financial statements of
18 the issuer required to be made pursuant to the securities laws, or (2) the preparation
19 or filing of any document or report required to be filed with the Securities and
20 Exchange Commission.

21 VI.

22 IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED
23 that El-Batrawi and his agents, servants, employees, and all persons in active
24 concert or participation with them who receive actual notice of this Final Judgment
25 by personal service or otherwise are permanently restrained and enjoined from

aiding and abetting any violation of Section 13(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] thereunder by knowingly providing substantial assistance to an issuer that files materially false or misleading statements with the Commission in information or documents required to be filed with the Commission pursuant to Section 12 of the Exchange Act.

### VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that El-Batrawi and his agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from aiding and abetting violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §§ 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer in making or keeping books, records, and accounts which, in reasonable detail, accurately and fairly reflect the transactions and disposition of the assets of the issuer.

### VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and/or Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], El-Batrawi is prohibited, for five years following the date of entry of this Final Judgment, from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

### IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that El-Batrawi shall comply with all of the undertakings and agreements set forth therein.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: April 1, 2010

*(signature)*

Honorable Christina A. Snyder
UNITED STATES DISTRICT JUDGE